ESTATE OF EMMA LOUISE G. SEELIGSON, HENRY SEELIGSON, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109661. Promulgated March 9, 1943.

*L. Warren Baker, C. P. A.,* for the petitioner.
*Sam G. Winstead, Esq.,* for the respondent.

### OPINION.

HILL, *Judge:* The Commissioner determined a deficiency of $45.94 in the income tax of Emma Louise G. Seeligson, deceased, for the taxable year 1939.[1] Petitioner claims an overpayment of $266.34. All of the facts have been stipulated and as stipulated are adopted as our findings of fact. Only those necessary to an understanding of the issue will be set forth herein.

Mrs. Seeligson, hereinafter referred to as decedent, died May 21, 1939. Decedent's income tax return for the period here involved was filed with the collector of internal revenue for the second district of Texas at Dallas, Texas. On the date of her death, she was owner of a $^{15}/_{48}$ interest in a partnership known as the S. P. Ranch. The partners entered into certain oil leases from which they received bonuses of $5,149.89 and $56,703.78 for the calendar years 1937 and 1938, respectively.

Decedent included as gross income in her income tax returns for the calendar years 1937 and 1938, respectively, the sums of $1,609.34 and $17,719.93, which represented her interest in the bonuses. Decedent deducted depletion computed upon the percentage basis in the amounts of $442.57 for 1937 and $4,872.98 for 1938. Respondent allowed the deductions.

---

[1] Although not stated by the parties, it is apparent that the taxable year began January 1, 1939, and ended May 21, 1939.

At the date of decedent's death none of the leases in question had terminated, expired, or been abandoned, and no production had been obtained on any of the oil lands leased from the partners.

Upon the death of decedent all of her rights and interest in the lands, mineral rights, and leases in question became part of her estate to be distributed to her heirs and assigns. The administration of her estate was completed prior to the hearing herein, and her interest and rights in the leases have been distributed to her heirs.

The taxes with respect to which an overpayment is claimed by petitioner were paid less than two years prior to the filing of the petition in this proceeding. .

In determining decedent's income tax liability for the taxable period respondent restored to taxable income the sums of $442.57 and $4,872.98, representing the depletion deducted by decedent in 1937 and 1938. The sole issue is whether or not such restoration was proper.

Respondent contends that the death of decedent terminated her interest in the leases and that at that time there had been no oil produced. He contends that under section 19.23 (m)–10 (c) of Regulations 103 [2] the depletion taken must be restored to income in the year of decedent's death. That section is a reenactment of prior regulations which have been approved and applied in *Grace M. Barnett*, 39 B. T. A. 864; *J. T. Sneed, Jr.*, 40 B. T. A. 1136; affd., 119 Fed. (2d) 767; and *Estate of Charles H. Robinson*, 46 B. T. A. 943 (on appeal, C. C. A., 3d Cir., and C. C. A., 8th Cir.).

Petitioner contends that the cited section of Regulations 103 is not applicable because the leases did not expire or terminate, nor were they abandoned, in the taxable year. Petitioner relies upon *Mary F. Waggoner*, 47 B. T. A. 699 (on appeal, C. C. A., 5th Cir.).

Neither party discusses what effect, if any, the fact that decedent was a partner in the partnership known as the S. P. Ranch has upon the issue. See *Joe Degnan*, 47 B. T. A. 899 (on appeal, C. C. A., 9th Cir.) ; *Robert A. Haughey*, 47 B. T. A. 1. We shall limit ourselves to a discussion of the issue without considering the partnership.

We think that respondent's regulations are not intended to and do not cover such a situation as we have in this case. The regulations cited certainly contemplate as requisite to their applicability the termination of the grant of mineral rights without the production of mineral. To meet that requirement respondent contends that the

---

[2] Sec. 19.23 (m)–10. *Depletion—Adjustments of accounts based on bonus or advanced royalty.*— * * *

\* \* \* \* \* \* \*

(c) If for any reason any grant of mineral rights expires or terminates or is abandoned before the mineral which has been paid for in advance has been extracted and removed, the grantor shall adjust his capital account by restoring thereto the depletion deductions made in prior years on account of royalties on mineral paid for but not removed, and a corresponding amount must be returned as income for the year in which such expiration, termination, or abandonment occurs.

death of decedent effected a termination of her interests in the leases and consequently as to her the leases were terminated, and, since there had been no production of oil at the time of her death, the regulations are applicable.

We do not agree that decedent's death terminated her interest in the leases or that the leases were in any way affected by her death. The death of decedent, instead of terminating her interest in the leases, devolved it upon her heirs. Nor did her death terminate the leases, in whole or in part, or affect them in any respect. They remained in full force and effect after decedent's death. Hence, the cited regulations do not apply. It would not be contended that because of decedent's death the requirements of such regulations have been fulfilled in the case of the surviving members of the partnership here involved. No deficiency in income tax could be determined against such survivors in respect of their like depletion deductions under the leases here involved prior to the expiration, termination, or abandonment of such leases without the production of oil. In view of such situation it would be an anomaly to hold that the deficiency here involved should be sustained. Respondent's argument that it will be administratively impractical to collect a deficiency in tax against decedent in the event the leases are terminated without production can not, even if assumed to be true, be considered as a factor in the determination of the question before us.

We hold that respondent erred in adding to decedent's taxable income the amount of the depletion deductions in question.

The parties stipulated that, in the event such depletion should not be restored to the decedent's gross income for the taxable year, petitioner's claim for overpayment of $266.34 should be allowed.

*Decision of overpayment in the amount of $266.34 will be entered.*