Estate of Robert Driscoll, Clara Driscoll, Sole Beneficiary v. Commissioner.
Estate of Driscoll v. Commissioner
Docket No. 112199.
United States Tax Court
1943 Tax Ct. Memo LEXIS 227; 2 T.C.M. (CCH) 336; T.C.M. (RIA) 43312; June 28, 1943
*227 J. P. Jackson, Esq., for the petitioner. Stanley B. Anderson, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: Respondent has determined a deficiency in income tax of $6,534.93 for the period January 1 to November 2, 1938, and notified petitioner thereof by letter addressed to it at 801 Leopard Street, Corpus Christi, Texas. We find the facts as stipulated by the parties. [The Facts] Robert Driscoll died in July 1929. Clara Driscoll was named as sole beneficiary in his will. The administration of his estate was finally completed on November 2, 1938 and all assets thereof were then distributed to Clara Driscoll. During the period of administration of the estate the executors granted oil and gas leases on certain properties jointly owned by the estate and Clara Dricoll and received cash bonuses thereon of $185,758.50. The estate and Clara Driscoll each reported one-half of this amount as income and each deducted one-half of the 27 1/2 per cent depletion allowance of $51,083.57. On November 2, 1938, when final distribution of the estate was effected, the leases were in full force and effect and none of them had produced oil. In determining the deficiency the *228 respondent restored to income of the estate for the period January 1 to November 2, 1938 the depletion theretofore deducted by and allowed to the estate in the sum of $25,541.79 as above detailed. The propriety of that action is the only issue. [Opinion] The question is ruled by our decisions in Estate of Emma Louise G. Seeligson, 1 T.C. 736, and Mary F. Waggoner, 47 B.T.A. 699, holding that under such conditions the amount of depletion theretofore taken and allowed did not constitute income. We accordingly hold respondent's action to be erroneous. Since certain other adjustments made by respondent in determining the deficiency are not disputed. Decision will be entered under Rule 50.